CHARLES L. RUTLEDGE

v.

DRAINAGE COMMISSIONERS DISTRICT No. 6, ETC.

</div>

1. DRAINAGE—ASSESSMENT OF DAMAGES—VARIATION IN LINE.—Where proceedings under the drainage law are had to appropriate property upon a certain line, the line so specified must be followed. If a substantially different line is adopted there must be another assessment, and it will not answer the purpose to say that it is not more injurious to the land than the first line, and therefore no new proceeding is necessary. As the line in this case was a substantial variation from the line indicated by the plat, the injunction should have been granted.

2. INJUNCTION—FORMAL DEFECT.—Where the bill prayed that defendants might be enjoined from doing the work in question. Held, that the omission in the bill to ask for process is purely a formal defect.

APPEAL from the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed August 20, 1885.

Messrs. KERRICK, LUCAS & SPENCER, for appellant; that injunction was a proper remedy in this case to prevent a threatened continuing trespass, cited Willett v. Woodhams, 1 Bradwell, 411; McIntyre v. Storey, 80 Ill. 127.

Appellee must construct its drain as indicated by its map or plat introduced upon the trial of the question of damages: Jacksonville & S. R. R. Co. v. Kidder, 21 Ill. 132; Peoria & R. I. R. R. Co. v. Birkett, 62 Ill. 332; Village of Byron v. Blount, 97 Ill. 65.

Messrs. TIPTON & BEAVER, for appellees; that an injunction will not be granted to restrain a trespass unless the trespasser is insolvent or the injury irreparable and destructive of the plaintiff's estate, cited Hilliard on Injunctions, 279; Jewett v. Dix, 20 Mo. 79; Ex parte Foster, 6 Eng. (Ark.) 304; Willson v. Hughill, 1 Morr. 461; Catching v. Terrill, 10 Ga. 576; Shipley v. Ritter, 7 Md. 408; Brooks v. Diaz, 35 Ala. 590; Ingraham v. Dunnell, 5 Met. 118; Mohawk, etc., R. R. Co. v. Archer, 8 Paige, 83; Dana v. Valentine, 5 Met. 8.

When a bill prays for relief by way of injunction and contains no prayer for process of injunction, the writ of injunction can not be granted: Wood v. Brodell, 3 Sims. 273; Union Bk. v. Kerr, 2 Md. 460; Story's Eq. Pl. § 41, note 2.

WALL, P. J. This was a bill in chancery by appellant, to restrain the appellees from proceeding as drainage commissioners to open a ditch for drainage purposes across the land of complainant in the bill.

It appears that a drainage district having been organized pursuant to the act of 1879, embracing the lands of complainant, the commissioners filed a map or plat of the work determined upon, and a trial was had by jury before a justice of the peace to ascertain the damages sustained by complainant by reason of the construction of the ditch over his land.

Upon this trial it was discovered that the plat so filed did not truly show the line as it was located by the commissioners. The line as shown by the plat is not marked with accuracy. It was not surveyed, and there is nothing to show the

precise course it should take.  It is merely a curved line
starting from the northern boundary, running south and
west and passing out on the western boundary of the com-
plainant's land.   There was an old ditch which the commis-
sioners intended to follow, starting from the north line of the
land at the point indicated by the plat in question, and run-
ning in the same general direction as the line shown by the
plat, but not so far south, and passing out on the west line of
the land several hundred feet north of the point indicated by
the plat.   The line of the old ditch is somewhat irregular,
following mainly the natural depressions of the surface, and
is evidently shorter than the line shown by the plat.

On the trial there was evidence as to the damages which
would be sustained by adopting either line, and it appeared
by the proof that the line as indicated by the plat would be
more injurious to the land than that of the old ditch.   The
complainant insisted, however, that the jury should estimate
the damages upon the line as indicated by the plat, and it is
to be presumed this was done, though it appears from a stipu-
lation of facts contained in the record that a part of the jury
considered the line of the old ditch.   The damages were as-
sessed by the jury at $50, which amount was tendered to com-
plainant and refused by him.

An amended or supplemental plat was then filed by the
commissioners, showing the line to be along the old ditch, and
work was commenced on that line.   This bill was then filed
to enjoin the prosecution of the work.   The cause was finally
heard upon bill, answer, replication and proofs, and a decree
was entered dismissing the bill, from which an appeal is pros-
ecuted to this court, and the question for determination is
whether, upon the facts stated, the complainant was entitled to
the relief of a perpetual injunction restraining the construc-
tion of the ditch upon the line now proposed, it being the line
originally designed by the commissioners, but variant, as al-
ready stated, from the line shown by the plat.   It is urged
by appellant that he was clearly entitled to such relief because
the effect of the proceedings is to appropriate his property to
public use in a manner not authorized by law.   It is not to

be doubted that when an effort is made to apply private property to public use, the damages must first be ascertained and paid pursuant to the constitution, and if this is not done the owner may have relief by injunction. McIntyre v. Storey, 80 Ill. 127.

Here there was an attempt to comply with the law, and had the work been prosecuted upon the line indicated by the plat, there is no question that the proceedings would have been justified. But it is argued that as the line so indicated is not followed, the whole proceeding is to be regarded as a nullity and the work enjoined accordingly.

It has been held that where a railroad company undertake to condemn a line for right of way it is necessary to follow the line indicated by the plat or survey filed with the proceedings, and if there is any substantial variation, producing additional damages, the land owner must have additional compensation accordingly. J. & S. R. R. Co. v. Kidder, 21 Ill. 132. P. & R. I. R. R. Co. v. Birkett, 62 Ill. 332. The constitution of the State provides, Art. 2, Sec. 13: "Private property shall not be taken or damaged for public use without just compensation. Such compensation, when not made by the State, shall be ascertained by jury as shall be provided by law." This provision is imperative and must be enforced according to the true spirit and intention thereof.

When proceedings are had to appropriate property upon a certain line, the line so specified must be followed. There must be no substantial variation. If a substantially different line is adopted there must be another assessment, and it will not answer the purpose to say that it is not more injurious to the land than the first line, and therefore no new proceeding is necessary. If such an excuse could be accepted, then a material question for a court of equity to determine when asked to enjoin the construction of the work would be whether the new line is more injurious than the old, thus primarily calling upon a court of equity to ascertain the amount of damages occasioned by the new line, and thus substituting the judgment of the court for that of the jury. The constitutional requirement that the damages "shall be ascertained by

jury" can not be evaded in this manner. Hyslop v. Finch, 99 Ill. 171.

The only inquiry, then, is whether there is a substantial variation from the line indicated by the plat. Upon this point there is little room for doubt, and indeed we do not understand counsel dispute the proposition. It is merely urged that as there is no irreparable injury a court of equity will not interfere. But as we have already shown, before the court can say there is no irreparable injury it must first settle a question which by the constitution is reserved for the consideration of a jury.

It is suggested by counsel for appellee that, "Where a bill prays for relief by way of injunction and contains no prayer for process of injunction the injunction can not be granted." The bill prays that defendants may be enjoined from doing the work in question and the omission in the bill to ask for process is purely and at most but a formal defect.

The defendants below demurred to the bill and assigned five different causes of demurrer but did not specify this as one.

The demurrer was overruled and defendants then answered the bill; manifestly, then, the point can not now be considered for the first time. We are of opinion that the complainant below was entitled to the relief prayed, and the decree of the circuit court is reversed and the cause remanded with directions to grant the prayer of the bill.

Reversed and remanded.