Alabama Insurance Co. v. Kingman & Co.

---

# THE ALABAMA INSURANCE COMPANY
## v.
# KINGMAN & COMPANY.

*Equity Jurisdiction to Enjoin Judgments at Law—Judgment by Default on Insurance Policy—Service on " Late Agent "—Sufficiency of—Fraud.*

1. As a general rule a court of equity will not take jurisdiction to enjoin judgments at law where there is an adequate remedy at law. It will not review a judgment at law as a court of errors.

2. The practice of resorting to courts of equity to enjoin judgments at law should not be encouraged.

3. Upon a bill to enjoin a judgment by default on a policy of insurance, on the grounds that service on a " late agent " of the complainant company

was insufficient and that said policy had been fraudulently altered, it is *held:* That the remedy at law by writ of error is complete, and that if the judgment was obtained without jurisdiction, it is void even in a collateral proceeding.

[Opinion filed December 11, 1886.]

IN ERROR to the Circuit Court of Peoria County; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. CRATTY BROS., FULLER & GALLUP, for plaintiff in error.

Messrs. FOSTER & KELLOGG, for defendant in error.

LACEY, J. Bill in equity by the plaintiff in error against defendant in error, brought in the Circuit Court, showing that in 1884 plaintiff in error issued a policy of insurance to defendants in error upon merchandise stored in East St. Louis. That after the delivery of the policy it was fraudulently altered by defendants in error, without the knowledge of plaintiff in error, by changing the limit of other insurance to be permitted, from $15,000 to $25,000. Plaintiff was not aware of it till 1885. That at the time the merchandise was destroyed by fire, the defendant in error had other insurance on the merchandise to the amount of $20,000, in violation of the terms of the policy as issued and in fraud of plaintiff in error's rights, and that the policy was void, and some other grounds, but this was the main one.

That on November 17, 1884, defendant in error began a suit in assumpsit in the Circuit Court of Peoria County, based on said insurance policy, and on January 5, 1885, obtained judgment by default for $2,334.43 and costs of suit against plaintiff in error, claiming the property insured had been destroyed by fire, June 29, 1884. That plaintiff in error knew nothing of this till long afterward. The bill further avers that plaintiff in error was not in court by proper service or otherwise; that said judgment was rendered without jurisdiction and was void. The only pretended service there was in

the case was by service of summons on Charles F. Bacon of Peoria, Illinois, and Mrs. M. R. Smith of Chicago, Illinois. The return on the summons made by the Sheriff of Peoria County was that the Sheriff had served it on him by delivering a true copy of the writ to him designating him as the " late agent " of the plaintiff in error and that no president, clerk, secretary or director or other agent of the plaintiff in error was found in the said county.   Done on 10th November, 1884.

A similar return was made on the summons suit to the Sheriff of Cook County by the Sheriff of that county on Mrs. M. R. Smith dated 19th November, 1884.   That these were the only processes served.

The bill avers that at the time of the said pretended service on said Bacon and said Smith, neither of them was agent of plaintiff in error for the transaction of business in the State of Illinois; nor was either of them at any time the attorney or agent of complainant for the transaction of its business, or for the purpose of securing service of process on complainant in said estate; that neither of them gave any notice to plaintiff in error of the pendency of said suit—claims the service not binding on plaintiff in error and asks that the judgment be set aside and it allowed to plead to the merits of the suit; prays for a writ of injunction against the Sheriffs of Peoria and Cook Counties restraining each of them from collecting any *fieri facias* issued on said judgment.

An amendment was made to the bill that Mrs. Smith had been garnisheed, and she admitted that there was in her hands money to the amount of $548.68 belonging to plaintiff in error, and judgment was rendered and execution issued against her ; and that a transcript of the record had been taken and sent to Mobile, Alabama, and suit brought on it at that place in the United States Court where the case was being pressed for trial; offers to submit to the jurisdiction of the Peoria Circuit Court and pay any judgment that might be rendered against it so far as able; avers it has property in this State subject to execution.

To this bill a general demurrer was filed, and upon hearing

the court sustained the demurrer for the want of equity on the face of the bill and rendered decree against the plaintiff in error, and from this decree this writ is brought to this court.

The main point urged in this case for reversal is that in the suit in assumpsit on the said insurance policy by the defendant in error, there was an entire failure to get legal services of process on plaintiff in error, and that such fact appears on the face of the record, the two Sheriff's returns not showing a valid legal service.

The particular defect pointed out in such return is, that neither of the returns make a statement that the person to whom the true copy of the writ was given was the agent of the plaintiff in error, but was the "late agent." It is urged that this is not a compliance with Sec. 4 of the Practice Act in this State. The cases of Ill. & Miss. Tel. Co. v. Kennedy, 24 Ill. 319, and Mich. State Ins. Co. v. Abens, 3 Ill. App. 499, are conclusive authority on this point of their contention.

On the other hand the defendant in error combats this claim and insists that, as the bill does not show that the plaintiff had not complied with the law of this State in reference to foreign insurance companies doing business in this State, it must be presumed that it had done so. In that case the defendant in error, also a corporation, contends that the service of process is good under Sec. 22, Chap. 73, Laws 1869, because such service may be had on the agent after the insurance company ceases to do business in the State; and that service on the "late agent" is good. It is also insisted by defendant in error that the plaintiff in error, in case the service is void as alleged, has a complete remedy at law by writ of error direct to the Appellate Court, and that therefore a bill in equity will not be entertained. Without stopping to pass on the sufficiency of the service of the summons we are inclined to hold that the point is well taken. If the service is void the remedy is complete by writ of error, and if it is valid there is no pretense that the plaintiff in error has any grounds for relief; for if it was properly in court, its negligence in not making defense in the assumpsit suit would bar this action. It is generally held

that in cases of fraud, accident and mistake, equity will take jurisdiction to enjoin a judgment at law even if the defendant may have a remedy at law. It is the fraud that gives the jurisdiction. Fraud, accident and mistake are original heads of equity jurisdiction. But the instances of resorting to a court of equity to enjoin judgments at law are not frequent, and the practice ought not to be encouraged. Foote v. Despain, 87 Ill. 28. See also Owens v. Ranstead, 22 Ill. 160. For other cases bearing remotely on the question, see Hoagland v. Creek, 81 Ill. 506; Blackburn v. Bell, 91 Ill. 434. We think it may be safely said that it is a general rule that courts of equity will not take jurisdiction to enjoin judgments where there is an adequate remedy at law.

In this case we find no cause for exception to the general rule. It is nothing more than to ask a court of equity to review the judgment at law as a court of errors, and such practice is never allowed. Again, if this judgment is void, as insisted, it should not need any reversal; for a judgment obtained without jurisdiction of the person is void, even in a collateral proceeding.

Seeing no error in the action of the Circuit Court in sustaining the demurrer and dismissing the bill, the decree of the court below is affirmed.

*Decree affirmed.*