John T. Geraty

v.

A. Druiding and George Kersten.

*Practice—Rule 21.*

1.   An index is not an abstract.

2.   It is proper to dismiss an appeal to this court where there is a failure to file an abstract as required by Rule 21 hereof.

Geraty v. Druiding.

3. Courts of equity are not open to persons who have a complete remedy at law.

4. For the reason that complainant's remedy at law was complete, this court affirms the decree dismissing his bill, the same having been filed to restrain defendants from proceeding to collect a judgment obtained by them against him in a justice court.

[Opinion filed June 1, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. JOHN N. JEMISON, for appellant.

Messrs. GOLDZIER & RODGERS, for appellees.

SHEPARD, J. This appeal might properly be dismissed for a failure by appellant to file a proper abstract or abridgment of the record as required by Rule 21 of this court. C. & G. T. Ry. Co. v. Crolie, 33 Ill. App. 17; Gilbert v. Coons, 37 Ill. App. 448.

What purports to be an abstract of the record is in fact a mere index.

Forty-nine words, more than one-half of which are formal, comprise all the information afforded by the so-called abstract as to what is contained in a bill in equity consisting, as shown by the marginal references, of nine pages, and eight words in another place purport to state the master's report, consisting, as shown by marginal references, of six pages; and in another place two words alone indicate to us the scope of an injunction order. With the aid of such a defective abstract we will not examine the record.

The abstract discloses that a judgment was entered in a justice of the peace court on June 22, 1891, against appellant, and that the bill was filed to restrain appellees from proceeding to collect it.

Appellant in his brief states that the judgment was entered on June 25th, and appellees in their brief confirm this last date and we will therefore take it to be the true date. Neither

the abstract nor appellant's brief gives us any information as to the date of the filing of the bill, but appellees' brief states, and appellant makes no denial in reply, that it was filed on July 10, 1891, and this statement has vague corroboration in a reference in appellant's abstract to an order entered July 13th referring the bill to the master to report on the motion for an injunction. We will, therefore, assume that the bill was filed July 10th, which was considerably less than twenty days after judgment had been entered by the justice of the peace. For this reason the bill was properly dismissed. The appellant's right to prosecute an appeal and thereby secure a complete remedy at law, was complete when he filed his bill and was open to him for several days after he resorted to equity.

Courts of equity are not open to persons who have a complete remedy at law.

There is a statement in appellant's abstract that the judgment was alleged to have been entered wrongfully, without jurisdiction by the justice of the peace; but want of jurisdiction alone was no ground for relief in equity against the judgment, unless there was also disclosed a meritorious defense, which by loss of right to appeal had become lost. Colson v. Leitch, 110 Ill. 504.

Because, therefore, the appellant's remedy at law was complete, we will affirm the decree dismissing the bill.

*Decree affirmed.*