## Booth et al. v. Koehler.

1. Certiorari—*When it Lies.*—If a judgment is not the result of negligence in the person against whom it is rendered, if it is unjust, and if it is not in his power to appeal in the ordinary way, he may sue out a *certiorari*—Sec. 76, Ch. 79, Justices—and have a trial *de novo.*

2. Equity Jurisdiction—*When There is a Remedy at Law.*—A court of equity will never lend its aid where there is an adequate remedy at law.

**Memorandum.**—Bill to restrain the collection of a judgment. Appeal from the Superior Court of Cook County; the Hon. Philip Stein, Judge, presiding. Heard in this court at the October term, 1893. Reversed and remanded with directions. Opinion filed January 11, 1894.

The opinion states the case.

Rufus King and Geo. P. Smith, attorneys for appellants.

Mr. Justice Gary delivered the opinion of the Court.

On the 4th day of November, 1892, Miss Butler, one of the appellants, recovered a judgment before a justice of the peace against the appellee. On the 29th of the same month, the appellee filed a bill in chancery against the appellants, and on the 1st day of March following, a final decree was entered perpetually enjoining the collection of the judgment, with costs against Booth.

No inquiry as to the regularity or justice of that judgment is necessary. If the judgment was not the result of negligence in the appellee, if it was unjust, and if it was not in his power to appeal in the ordinary way, the appellee might have sued out a *certiorari* (Sec. 76, Ch. 69, Justices), and had a trial *de novo.* Gallimore v. Dazey, 12 Ill. 143.

Having this remedy at law, the appellee had no standing in equity. Geraty v. Druiding, 44 Ill. App. 440; Harding v. Hawkins, 141 Ill. 572.

"A court of equity will never lend its aid where there is an adequate remedy at law." Durand v. Gray, 129 Ill. 9.

Unless all the elements which would entitle him to a *cer-*

*tiorari* concurred, the appellee had no claim upon the aid of a court of equity, and if they did concur, he had no need of it.

The decree of the Superior Court is reversed, and the cause remanded with directions to the Superior Court to dismiss the bill at the cost of the appellee.

MR. JUSTICE GARY ON PETITION FOR REHEARING.

The practice of paying no attention to a case which is pending, and applying for a rehearing after an adverse decision, is not to be encouraged.   Even if we knew all the law part of the time, and part of the law all the time, yet we might not know all the law all the time, and may reasonably expect the aid of the counsel who have made a special study of the particular case.

The appellee filed no brief.   His petition now cites Propst v. Meadows, 13 Ill. 157.   In that case the complainant had made the utmost possible exertion to find his remedy at law, by *certiorari*, and in the view of the Supreme Court, had brought himself within the rule that equity will interfere " only when courts of law can not grant adequate relief." The only doubt that can arise as to the correctness of that decision is as to the application of the rule to a case where ignorance of the party prevented the remedy at law—a feature not in this case.   Extreme cases make bad law, and are not to be strained.

In none of the other cases cited does the neglect to sue out a *certiorari* figure.   Rehearing denied.