## A. Moore v. Simon Cohen.

1. JUDGMENTS—*Relief from, in Equity.*—Equity will grant relief against a judgment which is against conscience, or the justice of which can be impeached by facts, or on grounds of which the party could not avail himself at law, or of which he was prevented from availing himself by fraud, accident, mistake or the act of the opposite party, without any negligence or fraud on his own part, and will also sometimes relieve after verdict, and when the defendant at law might have defended himself.

**Bill,** to set aside a judgment. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 6, 1897.

I. T. GREENACRE, attorney for appellant.

JOHN C. TRAINOR, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was a proceeding in chancery to set aside a judgment. The complainant alleged that he was misled by the defendant, plaintiff, in the judgment, and thereby by mistake he failed to appear upon the trial of the cause, and that judgment was obtained against him by defendant.

Upon the hearing of the bill it appeared that appellant began, against appellee, a suit before a justice of the peace; that upon the return day of the summons complainant appeared and appellant, the plaintiff, not appearing, the suit was dismissed for want of prosecution; that thereafter appellant began another suit before a justice of the peace; that appellee again appeared upon the return day and appellant, the plaintiff, not appearing, the suit was dismissed; that appellee then began suit against appellant, before a justice of the peace; that a trial was had, both appellant and appellee being present; that as the result of such trial the defendant, appellant, recovered a judgment against appellee for $3.40 and costs; that appellant took an appeal from said judgment to the Circuit Court, which appeal is

there pending; that thereafter appellant took an appeal in the case first brought by appellant, which was dismissed by the justice of the peace for want of prosecution, appellant not having appeared upon the return day; that appellee had no notice of such appeal, and consequently paid no further attention to such suit, and had no intimation that an appeal had been taken until he was informed that in the Circuit Court, to which such appeal was taken, a judgment for $130.92, with $13.55 costs, had been rendered against him. The term at which such judgment was entered had passed and appellee found himself without remedy save in a court of equity.

It is manifest that appellee was, by the conduct of appellant in commencing a second suit after-suffering the first to be dismissed, and in permitting the second to be also dismissed, and by the judgment of $3.40 rendered in the third suit, lulled into the belief that the suit first begun had been abandoned.

Most persons would have thought as did appellee, and would not have suspected or watched for an appeal of either of the suits which were dismissed. Appellee, without fault, as the consequence of a natural mistake, has had a judgment for $130.92, with $13.55 costs, rendered against him without his having the opportunity to be heard in the matter, which it is the design of the law all men shall have before judgment is rendered.

Appellee appears to have such meritorious defense as entitles him to a hearing. No injustice is done by the decree of the court below setting aside said judgment against appellee, and it is affirmed.