## Charles J. Off et al. v. Title G., A. & T. Co. et al.

1.  INJUNCTIONS—*To Restrain the Collection of a Judgment.*—Where a party invokes the aid of a court of equity to restrain the collection of a judgment regular upon its face, he must show something more than defective service of summons upon the person of the defendant.   He must also show either that the defendant had a good defense to the claim upon which the judgment was founded, or that the amount of the judgment is excessive.

2.  SAME—*Application of the Rule.*—This rule applies not only where the application is made by the debtor claiming not to have been served with process, but also where the application is made by a creditor or other third party.

3.  VENUE—*Waiver of the Right to be Sued in Defendant's County.*—The statute which prohibits the suing of a party out of the county where he resides or may be found, merely confers a privilege on him which he may avail himself of, if he chooses.   If he does not avail himself of it by proper pleas in apt time, he will be regarded as having waived it.

4. DAMAGES—*When Not Allowed on Dissolution of Injunction.*—The rule requiring written suggestions to support an order for damages on the dissolution of an injunction has no application to a suit for the single purpose of enjoining the collection of a judgment.

5. SAME—*When Suggestions in Writing Are Unnecessary.*—When the sole and only purpose of a suit is to enjoin the collection of a judgment, it comes within the provisions of sections 4 to 8 of chapter 69, R. S., and the amount enjoined furnishes the extent of the claim for damages, and when that appears on the face of the bill, no written suggestions are necessary.

**Bill to Enjoin the Collection of a Judgment.**—Appeal from the Circuit Court of Tazewell County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed February 27, 1900.

ARTHUR KEITHLEY, attorney for appellants.

JACK & TICHENOR, attorneys for appellees.

MR. JUSTICE HARKER delivered the opinion of the court.

This is a bill in equity to enjoin the collection of a judgment and have it declared void for the sole reason that the means by which the court obtained jurisdiction of the defendant was the delivery of a summons upon its president in a foreign county.

Where a party invokes the aid of a court of equity to restrain the collection of a judgment regular upon its face, he must show something more than defective service of summons upon the person of the defendant. He must also show either that the defendant had a good defense to the claim upon which the judgment was founded, or that the amount of the judgment was excessive. It must appear that the judgment is unjust or oppressive. High on Injunctions, Sec. 125; Blackburn v. Bell, 91 Ill. 434; Thomas v. Mueller, 106 Ill. 36; Colson v. Leitch, 110 Ill. 504; Geraty v. Druiding, 44 Ill. App. 440.

This principle applies not only where the application is made by the debtor who claims that he was not served with process, but also where the application is made by a creditor or other third party. Hier v. Kaufman, 134 Ill. 215.

Because appellants' bill did not aver that there was no indebtedness on which to base the judgment in favor of the guaranty company, or that the judgment was excessive and unjust, or that there was a good defense to the whole or a part of the claim, the court properly sustained a demurrer to the bill.

We are also of the opinion that the service was sufficient to support the judgment when not questioned by plea to the jurisdiction. The statute which prohibits the suing of a party out of the county where he resided or may be found merely confers a privilege on him which he may avail himself of if he chooses. If he does not avail himself of it by proper plea in apt time, he will be regarded as having waived it. Hardy v. Adams, 46 Ill. 532; Wallace v. Cox, 71 Ill. 548; Drake v. Drake, 83 Ill. 526; Callender v. Gates, 45 Ill. App. 374.

It is contended that the court erred in assessing damages against appellants upon the dissolution of the injunction without suggestions or damages being filed. The rule requiring written suggestions to support an order for damages on the dissolution of an injunction has no application to this kind of a case. This was a suit to stop the collection of a judgment and for no other purpose, and comes within the provisions of sections 4 to 8 of chapter 69 of the Revised Statutes. Where an injunction to restrain the collection of a judgment is sought, the amount enjoined furnishes the extent of the claim for damages. That appears on the face of the bill, and consequently no written suggestions are necessary. Schaffer v. Sutton, 49 Ill. 506; Forth v. The Town of Xenia, 54 Ill. 210.

We see no merit in the technical objection to the order of the court in dismissing the bill at the instance of two of the three defendants and assessing damages while the case remained undisposed of as to the sheriff. He was not the principal defendant and if the bill was bad he was not bound to answer. A default against him would have been unavailing. Appellants did not offer to take any action against him and the objection is now made for the first time. Decree affirmed.