<hr />

John Reid v. The Stock Yards L. Coal and F. Co. et al.

1. REMEDIES — *When at Law and Not in Chancery.* — A ·chancery
court will never lend its aid where there is an adequate remedy at law.

2. SAME — *Application of the Rule.* — On July 20, 1898, a party filed
a bill in chancery for the purpose of perpetually enjoining the collection
of two judgments obtained against him before a justice of the peace,
without his knowledge, on June 20, 1898. It was held that his proper
remedy was by *certiorari,* and that there was no jurisdiction in a court
of chancery.

**Bill in Chancery.**—Appeal from the Circuit Court of Cook County;
the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch
Appellate Court at the March term, 1899. Affirmed. Opinion filed
March 13, 1900.

· T. A. COFFEY, attorney for appellant.

B. C. THORPE, attorney for appellees; W. K. PATTISON, of
counsel.

MR. PRESIDING JUSTICE HORTON delivered the opinion of
the court.

In this case a bill in chancery was filed by appellant for
the purpose of perpetually enjoining the collection of two
judgments obtained before a justice of the peace by the
appellee lumber company against appellant. Said judg-
ments were entered June 20, 1898. Said bill was filed July

20, 1898, and charges that appellant had no knowledge of the entry of said judgment until July 16, 1898.

On behalf of appellee it is contended that appellant had a remedy at law by *certiorari*, and that therefore a court of chancery had no jurisdiction to entertain said bill.

More than twenty days having elapsed after the entry of said judgments before the appellant had knowledge thereof, he could not appeal, but the six months' limitation had not expired within which to proceed by petition for *certiorari*. No such proceeding was instituted, but, instead thereof, the bill of complaint in this case was filed. Neither is there any reason given why appellant did not proceed by *certiorari* or any contention or showing that there was not a full, adequate and complete remedy at law by such proceeding.

There being such a remedy at law, appellant had no standing in a court of equity. A chancery court will never lend its aid where there is an adequate remedy at law. Durand v. Gray, 129 Ill. 9, 17; Geraty v. Druiding, 44 Ill. App. 440; Booth v. Koehler, 51 Ill. App. 370.

The Booth case is a proceeding in chancery to enjoin the collection of a judgment entered by a justice of the peace. It is there held that the proper remedy was by *certiorari*, and that there was no jurisdiction in a court of chancery. That case is in principle like the case at bar.

The decree of the Circuit Court dismissing the bill for want of equity is affirmed.