### Simcoe Chapman et al. v. Thomas Kane.

1. REMEDIES—*When by Certiorari.*—Where an unjust judgment has been rendered against a party, and he has not been negligent, and has been prevented by the other party to the suit from appealing within the statutory time, he has a remedy by certiorari.

2. DECREES—*Must Find Support in the Evidence.*—There must be a basis for decrees either in the evidence or in the findings of fact in them. The evidence must be preserved in some form, as by depositions, reports of the master, or certificates of evidence, and where there is neither evidence preserved nor any findings of fact in the decree, there is no basis for the decree.

3. PRACTICE—*Where a Complainant in Chancery has a Remedy by Certiorari.*—When, assuming the averments of his bill to be true, the complainant has a legal remedy by certiorari, a court of chancery will not grant him the relief asked for.

Bill for Relief.—Error to the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed October 24, 1901.

Statement.—The defendant in error was complainant and the plaintiffs in error, Simcoe Chapman and Mattie C.

Chapman, his wife, were defendants, in the Circuit Court. The bill alleges a lease from Simcoe Chapman to the complainant of certain described premises situated in the city of Chicago, from May 1, 1895, until April 30, 1900, for the sum of $6,000, $100 to be paid in advance on the first day of each month of the term, and possession of defendant in error under the lease; that shortly after the execution of the lease, Simcoe Chapman conveyed the demised premises to Mattie C. Chapman; that August 30, 1895, complainant owed $130 rent, and was about to pay it, when Mattie C. Chapman, without any demand for rent, sued out a summons in forcible detainer before a justice, commanding complainant to appear before the justice September 5, 1895, at 1 o'clock P. M.; that about 10 o'clock A. M. on that day, complainant went to Simcoe Chapman, who was his wife's authorized agent, and asked him why summons had been issued when complainant was ready to pay the rent, and that said Simcoe answered that it did not amount to anything, and that if complainant would pay to him $130, he, Chapman, would go to the justice's court and have the suit dismissed, and that complainant need not pay any further attention to it, and that complainant, relying on said Chapman's representations, and being thereby lulled into security, paid him the rent, $130; that said Chapman, in violation of his promise, did not have the suit dismissed, but caused judgment to be entered against complainant for recovery of possession of the premises; and that complainant first knew of said judgment September 14, 1895.

The bill prays for an injunction against the enforcement of the judgment, etc. The defendants answered the bill, denying its material allegations, and replications to the answers were filed.

The court rendered a decree setting aside the judgment in forcible detainer.

H. S. DERBY and WINSTON & MEAGHER, attorneys for plaintiffs in error; WINSTON & MEAGHER, of counsel.

F. W. WALKER and PATTISON & SHAW, attorneys for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

No brief or argument has been filed for defendant in error. Counsel for plaintiffs in error contend that the decree should be reversed for two reasons: First, assuming the allegations of the bill to be true, defendant in error had a legal remedy by writ of certiorari; secondly, there is no basis for the decree in the record, either in evidence properly preserved, or in findings of fact by the court.

If an unjust judgment has been rendered against a party, and he himself has not been negligent, and has been prevented by the other party to the suit from appealing within the statutory time, he has a remedy by writ of certiorari. Gibson v. Ackermann, 70 Ill. App. 399.

In Graff v. Smolensky, 35 Ill. App. 264, a case similar in its main features to that stated in the bill in this case, a writ of certiorari was sustained. We are of opinion that, assuming the averments of the bill to be true, the defendant in error had a legal remedy by writ of certiorari. Such being the case, a court of equity will not grant relief. Booth v. Koehler, 51 Ill. App. 370.

There must be a basis for a decree either in the evidence or in findings of fact in the decree. The evidence must be preserved in some form, as by depositions, the report of a master, or a certificate of evidence. In the present case no evidence has been preserved in any way, so that, so far as appears from the record, the decree is wholly unsupported by evidence. Neither are there any findings of fact in the decree. There being neither evidence preserved in any manner, nor any findings of fact in the decree, there is no basis for the decree, even assuming that in the case stated in the bill, the court could assume jurisdiction. Baird v. Powers, 131 Ill. 66; First Nat. Bank v. Baker, 161 Ill. 281; Jele v. Lemberger, 163 Ib. 338, 344.

The decree will be reversed and the cause remanded.