### William Henion v. William Pohl, et al.

#### Gen. No. 4,287.

1. ABSTRACT—*effect of failure to file, conformable to rules of court.* Where the abstract filed upon appeal is a mere index it does not comply with the rule and the Appellate Court is justified in refusing to consider the case upon the merits.

2. BRIEF—*effect of failure to file.* Where the appellee fails to file a brief upon appeal the Appellate Court may decline to consider the merits of the cause.

Henion v. Pohl.

3. Justice of the peace—*what does not oust jurisdiction of.* The continuance of a case by a justice of the peace pursuant to notice by him to the defendant, given prior to the time set for the hearing, that such a continuance would be ordered, does not oust him of jurisdiction.

4. Injunction—*when, does not lie to restrain collection of justice's judgment.* Injunction does not lie to restrain the collection of a judgment entered by a justice of the peace where the defendant had ample opportunity to appeal.

5. Injunction—*when, does not lie.* The rule in this state is firmly established that so long as the complainant has remedies at law which have not been exhausted. he cannot resort to a court of equity.

6. Equitable jurisdiction—*how, may be raised.* The equitable jurisdiction of the court to entertain a proceeding may properly be questioned by answer.

Proceeding to enjoin collection of execution. Appeal from the Circuit Court of Grundy County; the Hon. Samuel C. Stough, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed March 14, 1904.

George W. Huston, for appellant.

No appearance on behalf of appellees.

Mr. Justice Vickers delivered the opinion of the court.

This is a bill in chancery filed by appellant in the Grundy Circuit Court to enjoin the collection of an execution for $22.50 in favor of appellees and against the appellant. Upon the filing of the answer and affidavits in support of a motion, the Circuit Court dissolved the injunction and dismissed the bill. The bill alleges that the suit, which resulted in the judgment against the complainant, was commenced before William Case, a police magistrate of the village of Diamond; that the summons was issued by the justice of the peace requiring the defendant to appear on the 21st day of November, at eight o'clock A. M., to answer the summons, etc. The summons was issued on the 13th, and served on the 15th day of November, 1902.

Two days before the trial, the magistrate notified the complainant, in writing, that the case would not be tried at eight o'clock on the 21st of November, but would be adjourned over until half past three of the afternoon of said day. The complainant disregarded the notice and appeared

at eight o'clock on the morning of the 21st of November and remained there until 9:40 and no one appeared for the plaintiff. The bill charges that at three o'clock the judgment was entered and an execution sworn out and placed in the hands of an officer. The bill prays for an injunction against the threatened levy upon the goods of the complainant by virtue of this execution. This bill was filed and a temporary injunction awarded by the master in chancery on the 25th day of November, four days after the judgment had been rendered.

The appellant has failed to file any abstract, as is required by the rules of this court; what he has filed is a mere index referring to the pages of the record where various matters may be found. We would be justified in refusing to consider the case for this reason. Appellee has filed no brief but we have nevertheless looked into the record and considered the case on its merits, and are of the opinion the decree should be affirmed.

The case is entirely barren of any equity whatever. The postponement of the case, by the justice, from eight o'clock until three o'clock in the afternoon of the same day, if properly entered on his docket, would not oust the justice of jurisdiction over the parties and the cause, especially where the defendant had ample notice that this would be done. The complainant had an adequate remedy at law by appealing from the judgment of the justice of the peace; had he done so the case would have been tried *de novo*.

The question of the equitable jurisdiction of the court was properly raised by the answer. Black v. Miller, 173 Ill. 489; 1 Daniell's Ch. Pl. and Pr., 715; Gramp v. McBrearty, 109 App. 277. Whatever may be the doctrine of other courts, the rule in this state is firmly established, that so long as the complainant has remedies at law, which have not been exhausted, he cannot resort to a court of equity. Gore v. Kramer, 117 Ill. 176; County of Cook v. Davis, 143 Ill. 151; Kimball v. Walker, 30 Ill. 482; Comstock v. Henneberry, 66 Ill. 212.

The decree of the Circuit Court is affirmed.

*Affirmed.*