# Charles W. Lasher and George C. Whipple v. Vincent Annunziata.

## Gen. No. 12,149.

1. INTERLOCUTORY ORDER—*from what, appeal does not lie.* An appeal does not lie from an interlocutory order denying a motion to dissolve an injunction and matters arising upon such a motion cannot be considered upon an appeal from the order granting the injunction.

2. INJUNCTION—*what essential to granting of.* In order to grant a valid injunction it is essential that the bill of complaint contain a prayer for an injunction in the prayer for process.

3. INJUNCTION—*against whom, cannot issue.* An injunction order directing the issuance of a writ against a justice of the peace in his official capacity, is erroneous.

4. COLLECTION OF JUDGMENT—*what essential to injunction restraining.* It is essential to the entry of an order granting an injunction to restrain the collection of a judgment, that the bill show either ignorance of the plaintiff's claim or a defense thereto on the merits, and this regardless of the fact that the defendant in the action in which the judgment was rendered, was, not served with process.

5. COLLECTION OF JUDGMENT—*when injunction restraining, does not lie.* An injunction does not lie to restrain the collection of a judgment entered by a justice of the peace where at the time of the obtaining thereof there existed in favor of the complainant a remedy either by appeal or *certiorari.*

Injunction proceeding. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the March term, 1905. Reversed. Opinion filed March 13, 1905.

ULYSSES G. HAYDEN, LESLIE A. NEEDHAM and JACOB VERBURG, for appellants.

CHENEY & EVANS, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

The appellee in this cause filed his bill of complaint against the appellants in the Superior Court of Cook County September 22, 1904. The bill alleged that on September 2, 1904, one C. W. Lasher commenced an action against Annunziata, the complainant, (appellee here), before Justice of the Peace George C. Whipple, in the village of Palatine, in Cook County, Illinois; that the said justice issued a summons against Annunziata on said day and delivered it to a constable; that said constable returned said summons as served; and that on September 13, 1904, the said justice entered a judgment against Annunziata for $149.15. The bill further alleged that Annunziata was not present at the trial; that he is not indebted to Lasher; that he has a good

defense to the suit in question; that he was not served with summons therein; that the return of the constable on the summons was false; that he had no notice other than this, that an attorney for Lasher told his (Annunziata's) attorney on September 12, 1904, that such a suit had been brought; that Lasher's attorney was then told that Annunziata had never been served, and that if he were served he would appear and defend; that Lasher had previously twice sued Annunziata before Justices of Cook County, and had dismissed his suits when they were reached for trial; that G. C. Whipple holds court in Palatine, forty miles from Chicago; that the cause was set for hearing at eight o'clock A. M.; that no trains left Chicago in the morning of the day of said trial upon which the complainant and his attorney could go to defend said cause, and that it was impossible for him in said court to defend said suit. The bill also alleged that both the complainant Annunziata and defendant Lasher reside in Chicago, and that said suit was brought before Justice Whipple for the purpose of making it impossible for the complainant to appear and defend, and because Lasher considered Whipple so favorably disposed that he would be able to secure a judgment regardless of the evidence that might be offered by Annunziata; also that Justice Whipple had an office in Chicago with the attorneys for Lasher; also that complainant "firmly believes that Lasher has not a valid and subsisting claim against him which he could prove up in any court;" also that Whipple had been notified that there was no service in said cause, but that said Whipple claims that his docket is written up and that he will issue an execution against Annunziata when ordered by Lasher. The bill prayed that the said judgment be decreed void, and the defendants enjoined from suing out any execution on it or taking any steps to collect it, and that Lasher be enjoined from suing Annunziata in any justice court in Cook County. The bill was sworn to by Annunziata, and his affidavit contained an allegation that he would be irreparably injured unless the defendants were enjoined from issuing and levy-

ing any execution on the said judgment pending the hearing on the bill.

The Superior Court on the filing of this bill of complaint and this affidavit on September 22, 1904, ordered that the defendants be enjoined from suing out any execution or taking any action on the judgment pending the hearing on said bill. The order recites that the injunction should issue on bond for $300, and "for good cause shown" without notice.

The defendants thereafter moved to dissolve the injunction and the motion was denied. It was afterward renewed and again denied. Within thirty days from September 22, 1904, the defendants took an appeal to this court, in accordance with the statute, from all three interlocutory orders —the one of September 22, 1904, granting the injunction, and those of September 30, 1904, and October 21, 1904, overruling the motions to dissolve said injunction—filing their bond for costs with the Clerk of the Superior Court.

It was admitted on argument that the appeal did not bring here the orders of September 30 and October 21, denying the motion to dissolve. This court has frequently held that there is no appeal from an interlocutory order denying a motion to dissolve an injunction. Taylor v. Kirby, 31 Ill. App., 658; Chicago v. Beck, 44 Ill. App., 47; Black Diamond Co. v. Waterloo, 62 Ill. App., 206; D. & C. Union v. Schuettauff, 113 Ill. App., 422. The only appeal here, therefore, is from the order granting the injunction *pendente lite*.

The matters set forth in the bill, taken as true, naturally excite sympathy with the appellee, because they tend strongly to establish 'in intention to secure a judgment against him without giving him a chance to defend. When such judgment was once obtained, Annunziata would be obliged to give security on an appeal—perhaps a very inconvenient thing for him to do—or to lose that day in court which is the right of every person sued. But nevertheless we cannot sustain the injunction granted in this cause. We are disposed to think that if it were otherwise justifiable, the alle-

gations of the bill sworn to as they are, and of the affidavit by which they are so sworn to, would sustain its issuance without notice, but with the objection on that score made by the appellants overruled, there are four other objections which seem to us fatal.

First, the bill contains no prayer for an injunction in the prayer for process. American Fine Art Co. v. Voigt, 103 Ill. App., 659; Willett v. Woodhams, 1 Ill. App., 411; Lewiston Falls Mfg. Co. v. Franklin Co., 54 Me., 402. Although this is a matter of form and an irregularity which might be considered waived by a motion to dissolve the injunction, (Rutledge v. D. C. District, 16 Ill. App., 655), we can in this appeal, for the reason heretofore given, consider nothing but the order granting the injunction, and therefore only the record as it existed when the injunction was thus issued *ex parte* and without notice.

Secondly, the injunction runs against the justice as well as against the parties to the suit. The fact that in the injunction order he is not named as "justice" does not alter the fact that the bill and the order together show that the injunction is directed against him as a magistrate from acting in his judicial capacity upon a judgment on his docket regular on its face. This is erroneous. Eberhardt v. The Pennsylvania Co., 15 Ill. App., 541; Klinesmith v. Van Bramer, 104 Ill. App., 384.

Thirdly, the bill does not set forth any facts showing that the complainant had a defense to the action brought against him before the justice. The weight of authority seems decidedly to be, that even though a defendant has not been served with process, he should not be relieved in equity without showing that he has a good defense on the merits, and that a trial on the merits would have produced a different result. Freeman on Judgments, sec. 498; Colson v. Leitch, 110 Ill., 504; Buntain v. Blackburn, Adm'r., 27 Ill. 406; Combs v. Hamlin Wizard Oil Co., 58 Ill. App., 126; Geraty v. Druiding et al., 44 Ill. App., 440; Off v. Title G. A. & T. Co., 87 Ill. App., 472; Blackburn v. Bell, 91 Ill., 434.

We are of the opinion that the mere assertion in the bill

42

that the appellee had a good defense to the action, and that
he believes that Lasher has no valid and existing claim
against him, is not sufficient as a showing of a meritorious
defense.    The bill to render the injunction unobjectionable
on this ground, should have made a showing of the matters
in controversy, and the defense relied on, or, at the least, if
such were the fact, have alleged ignorance by the defendant
as to what the claim of complainant was based on.

Finally, a court of equity cannot properly interfere by an
injunction against the enforcement of a judgment obtained
without due service of process, or otherwise either void or
voidable, so long as there remains open an adequate remedy
at law by appeal, or even by writ of error or *certiorari*.
Geraty v. Druiding et al., 44 Ill. App., 440; Alabama Ins.
Co. v. Kingman & Co., 21 Ill. App., 493; Sullivan v. Nie-
hoff, 27 Ill. App., 421; Chapman v. Kane, 97 Ill. App.,
567; Henion v. Pohl, 113 Ill. App., 100; Crandall v. Bacon,
20 Wis., 671; Hart v. Lazaron, 46 Geo., 396.    In the cases in
which similar injunctions have been sustained, such as Wil-
day v. McConnel, 63 Ill., 278; Moore v. Cohen, 70 Ill.
App., 160; Kochman v. O'Neill, 102 Ill. App., 475, and 202
Ill., 112; and G. T. M. Co. v. Schirmer et al., 64 Ill., 106,
it does not appear that any remedy at law was left open to
complainant.    In the case at bar it does affirmatively appear
that appellee had notice that such a judgment was threatened
before it was rendered, and that when he filed his bill the
time for an appeal by which he could have secured a trial
*de novo* had not expired.

The order of the Superior Court granting the injunction
complained of is reversed.

*Reversed.*