THE PEOPLE OF THE STATE OF ILLINOIS ON THE RELATION OF HENRY R. CHITTENDEN

*v.*

CHARLES H. MELLEN, TREASURER OF THE CITY OF WARSAW.

1. CITY OF WARSAW — *act of Feb.* 3, 1863, *unconstitutional.* The act entitled "An act to repeal certain acts therein named," approved February 3, 1863, having reference to the corporate authority of the city of Warsaw, was passed in violation of that clause of the Constitution which declares that "no private or local law which may be passed by the General Assembly, shall embrace more than one subject, and that shall be expressed in the title," and is therefore void.

2. OF THE TITLE OF PRIVATE OR LOCAL LAWS. Even if the general expressions used in the title of the act mentioned, be a sufficient designation of the acts to be repealed, the subject embraced in the title would be exhausted in the repeal of the acts named, and the attempt to insert provisions of a different character in the same act would render it void.

THIS was an application to the Supreme Court for a writ of mandamus, to compel the treasurer of the city of Warsaw to pay a certain order drawn upon him by the mayor of that city. The application is upon an agreed case, the only question presented being upon the alleged unconstitutionality of the following act of the General Assembly of this State:

"*An act to repeal certain acts therein named:*"

SECTION 1. Be it enacted by the people of the State of Illinois, represented in the General Assembly, that an act entitled "An act to incorporate the city of Warsaw," approved February 12, 1863, and an act entitled "An act to reduce the act incorporating the city of Warsaw and the several acts amendatory thereof into one act, and to amend the same," and all acts passed in aid of either of the aforesaid acts be and the same are hereby repealed.

SEC. 2. That the territory embraced within the boundaries mentioned in the last of the above named acts be and the same is hereby declared to constitute a town in the county of Hancock and State of Illinois, for county, school and all other purposes, as much so in all respects as if the same constituted

a complete congressional township, and had been properly established by the county authorities, and shall, at the next general election, elect all such town officers as other towns in said county are required to elect.

SEC. 3. That all the estate, both real and personal, heretofore or now held by the board of education for the city of Warsaw, is hereby declared to be vested in the school trustees, to be elected under the provisions of this act, in the same manner that the school property of other towns in this State is now by law held.

SEC. 4. That all suits now pending in favor of the said board of education in any court in this State, for the recovery of money or property, are hereby declared to be pending in the name of the trustees of schools hereafter to be elected under the provisions of this act, and in whom the school property is hereby vested, in the same manner as in other towns in this State acting under township organization.

SEC. 5. This act shall take effect and be in force from and after its passage.

Approved February 3, 1863.

Mr. B. C. COOK for the relator.

Mr. CHIEF JUSTICE CATON delivered the opinion of the Court:

WE have hesitated long, and anxiously considered the case before declaring our convictions that this law cannot be sustained under our Constitution. This is a local law, and the clause of the Constitution is this: "And no private or local law which may be passed by the General Assembly, shall embrace more than one subject, and that shall be expressed in the title." Art. 3, sec. 23, New Constitution. The act is entitled: "An act to repeal certain acts therein named." The first section of the act repeals the several acts incorporating the city of Warsaw, giving their titles.

Admitting that the general expression used in the title is a sufficient designation of the acts to be repealed, to answer the requirements of the Constitution, we see in this first section the subject embraced in the title of the act exhausted,

and the professed object of the act fully answered. That first section repeals the "certain acts" there referred to, for they are the only acts named in the repealing act. Whatever is done beyond this, is outside of the title of the act, and, as the Constitution makes that title the limit of the legislative power, it is outside of, and beyond that power. The second section goes on with affirmative legislation, and organizes the .territory embraced within the city limits, as defined by the acts repealed, into a town, and authorizes the election of town officers for the town. The third section transfers the title to all real and personal estate held by the board of education of the city of Warsaw, to the school trustees of the town, to be elected under the first section. The fourth section transfers actions pending in the same way. The simple question is, are the objects of these three sections expressed in the title? The fact is patent and undeniable, that they are not. There is in the title no general expression such as "and for other purposes," which could by possibility embrace them. The legislature, in framing the title to the law, has left us nothing upon which we may seize, to relieve it from the constitutional objection. We must either declare this law void, or else that this provision of the Constitution is void and not binding upon the legislature. When driven to this alternative, our duty is plain, and we cannot hesitate, although we have always given the most liberal construction to this clause of the Constitution, for the purpose of sustaining private or local laws. This act was passed in violation of the Constitution, and is therefore void.

A mandamus is awarded.

*Mandamus awarded.*