W. BEACH TAYLOR

v.

ALICE M. KIRBY.

</div>

*Injunctions—Order Denying Motion to Dissolve—Act of June, 1887—Proceedings Involving Validity of Statutes—Legislative Acts—Subject-matter—Title—Sec 13, Art. 4, Constitution of 1870.*

1. This court will not consider an appeal from an order denying a motion to dissolve an injunction brought under the provisions of an act entitled, "An Act to provide for appeals from interlocutory orders granting injunctions or appointing receivers," although the body of such act provides in addition that appeals may be taken from orders refusing to dissolve or enlarge the scope of an injunction, or give further powers to a receiver already appointed.

2. It *seems* that if an act embracing more than one subject expresses them all in the title, the whole act is void, and that if the title expressed one only, so much is valid, and the residue void. If the subject is but one, and the title is so narrow as to express only part of it, so much as the narrowness of the title excludes is void.

<div align="center">[Opinion filed April 3, 1889.]</div>

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. A. S. BRADLEY and H. H. THOMAS, for appellant.

Mr. M. P. BRADY, for appellee.

GARY, J.    This is an appeal from an order of the Circuit Court denying a motion to dissolve an injunction.

It is brought here under the provisions of an Act entitled "An Act to provide for appeals from interlocutory orders granting injunctions or appointing receivers," approved June 14, 1887.    In the body of the act it is provided that appeals may be taken, not only from orders granting injunctions or appointing receivers, but also from those refusing to dissolve or enlarge the scope of an injunction, or giving further powers to a receiver already appointed.    These provisions, beyond what is expressed in the title of the act, are void.

In Sec. 13, Art. 4, of the Constitution of 1870, it is provided that "No act hereafter passed, shall embrace more than one subject, and that shall be expressed in the title.    But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

A provision like the first sentence of the one quoted, except that it related only to private or local laws, in Sec. 23, Art. 3, of the Constitution of 1848, has been the subject of frequent consideration by the Supreme Court.    The question has usually been, whether general words and phrases in the title of an act were sufficiently definite, and by fair construction should be held to include the subject of the act; and generally in such cases a very comprehensive meaning has been given to the titles of the acts in question.

The digests and the notes in Starr & Curtis' edition of the Statutes furnish easy references to the numerous cases.    In some cases, as in N. C. Ry. Co. v. Lake View, 105 Ill. 207, and People v. Mellen, 32 Ill. 181, however, the question has been whether the title did not, by the specific subject expressed in the title, exclude other subjects, so germane to that expressed in the title, that if the title had been more general they might have been considered, collectively with the subject expressed in the title, all parts of one general subject, properly embraced in one act.

In the first case above cited, it was held that a charter of a street railway company, silent as to the motive power to be used, did not authorize the use of steam, as the title of the charter expressed "horse railways" as the subject of the act. And in the other the incorporation of certain territory as a town, was held void, the title of the act being "An act to repeal certain acts therein named." The acts repealed were those incorporating the city of Warsaw with the same boundaries as the proposed town.

The first section of the act repealed the several acts of the city incorporation, and said Caton, J., "We see in this first section the subject embraced in the title of the act exhausted." And so here; the subject expressed in the title is, by providing for appeals from the orders named in the title, exhausted. If the title were "relating to" instead of "granting," and omitting the word "appointing," the question now in the case could not have arisen, as the act would have embraced but one subject. The result would seem to be that if an act embracing more than one subject, expresses them all in the title, the whole act is void. If the title expresses one only, so much is valid, and the residue void. If the subject is but one, but the title is so narrow as to express but a part of it, so much as the narrowness of the title excluded, is void. See Dolese v. Pierce, 124 Ill. 140, and cases there cited.

This court, by the statute, has no jurisdiction of appeals or writs of error from judgment, orders or decrees involving the validity of a statute. And it is argued by the appellee that no decision of the case other than to dismiss the appeal because the validity of a statute is involved, can be made. But the order appealed from, does not involve the validity of the statute.

If the jurisdiction of this court could be ousted by the argument of counsel, that somewhere in the various statutory enactments under which this court is organized, and by which its jurisdiction is conferred and its practice regulated, there was something repugnant to the constitution, laws or treaties of the United States, or the constitution of this State, the

ingenuity of litigants, unwilling to submit to the judgment of an appellate court, would soon make those courts useless excrescences on the judiciary of the State.

If the judgment, order or decree appealed from involves no question of which the court has not jurisdiction, the court has authority to decide all questions affecting the proceedings here.    That portion of the act under which this appeal was taken, which gives an appeal from an order denying the motion to dissolve an injunction, being void, the appeal is dismissed.

*Appeal dismissed.*