FREDERICK HENKLEMAN ET AL.

v.

JOHN L. PETERSON.

*Insolvency—Injunctions—Practice.*

1. While an appeal lies from an order granting an injunction, none lies from an order refusing to dissolve the same.

2. Judgments confessed upon notes, the same together with warrants of attorney having been executed by the officers of a corporation, can not be attacked in a court of equity in the absence of injustice or fraud. All charges of fraud and conspiracy not impeaching the *bona fides* of the debts for which they were given, avail nothing.

3. An allegation with no facts stated as a basis, that complainant is informed and believes it to be true that the judgments are not for a *bona fide* indebtedness, is no ground for staying the collection thereof.

4. In the case presented, this court holds that the order granting an injunction restraining the sheriff from paying to the defendants the proceeds of property sold under executions upon their judgments, injuriously affected th m, and that they had the right to appeal, though in form the injunction was not against them, nor had they as yet appeared in the cause.

5. This court holds that the order for the injunction in question was not warranted by the allegations of the bill as to either the judgments or the accounts involved, and reverses the same.

[Opinion filed May 5, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. TENNEY, CHURCH & COFFEEN and CHARLES S. BILLINGS, for appellants.

Mr. JAMES A. PETERSON, for appellee.

GARY, J. This is an appeal by judgment creditors of the Brabrook Tailoring Company under the act of June 14, 1887, from an order granting an injunction, entered December 27, 1890. The appellants are made defendants to the bill on which the injunction was granted, but had no notice that it was to be applied for, and had not been served with process;

in fact, the injunction seems to have been granted when the bill was filed. The appellee moved to dismiss this appeal, holding that the appellants ought to have asked the Circuit Court first to dissolve the injunction, and if that was refused, then appeal.

If any appeal is taken it must be from the order granting the injunction; none lies from an order refusing to dissolve it. Taylor v. Kirby, 31 Ill. App. 658. The motion to dismiss is therefore denied.

He has also filed pleas to the further maintenance of the appeal, setting up that in the court below, at the next term after the appeal was taken, he amended his bill, and the appellants demurred to the bill as amended, which pleas the appellants move to strike out. This motion is sustained. Whether the order granting the injunction is right or wrong, depends upon whether there was, or was not, sufficient cause for it when it was granted.

The bill was filed by the appellee, a stockholder in and creditor of the company, to wind it up and distribute its assets. Only such allegations of the bill as affect these appellants need be noticed on this appeal. The general merits of this case are not before us; only the injunction as it affects the appellants.

As to them the bill sets out at great length particulars from which the conclusion is drawn, that the officers who executed the notes and warrants of attorney on which the judgments were confessed, had not sufficient authority from the corporation for that purpose. That question has been set at rest in this State by the recent decision of the Supreme Court in Burch v. West, 25 N. E. Rep. 658. Whether there was authority or not, if there be "no injustice and no fraud in the judgments, nobody can attack them in a court of equity."

All of the charges of fraud and conspiracy between the appellants and the officers of the company, in general terms, not impeaching the *bona fides* of the debts to the appellants, avail nothing. As to that *bona fides* the whole allegation is that the appellee is informed and believes it to be true that the amounts of the judgments are not for a *bona fide* indebted-

ness.   His belief of that conclusion, with no facts stated as a basis, is no ground for staying the appellants in the collection of their judgments.

The order granting an injunction restraining the sheriff from paying to the appellants the proceeds of property sold under executions upon their judgments, injuriously affected the appellants, and they had the right to appeal, though in form the injunction was not against them, nor had they as yet appeared in the cause.   2 Dan. Chy. 1460.

The appellants are enjoined from collecting accounts assigned to them.   The allegations of the bill as to those accounts are vague, but the fair construction is that whatever accounts were assigned, were so assigned for the purpose of applying any proceeds collected upon the judgments, and the same principles apply to those assignments as to the judgments.   Commercial National Bank v. Burch, 40 Ill. App. 505.

The order for the injunction was not warranted by the allegations of the bill as to either the judgments or the accounts, and is therefore reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*