# Black Diamond Company et al. v. Stanley Waterloo et al.

1. APPEALS—*Do Not Lie, When, etc.*—An appeal does not lie from an interlocutory order or decree overruling a motion to dissolve an injunction.

2. RECEIVERS—*Improvidently Appointed.*—Extreme caution should be observed in the appointment of receivers to take the property of a solvent and going corporation out of the hands of its officers.

**Bill for Injunction and Receivers.**—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded, with directions. Opinion filed January 22, 1896.

C. P. ABBEY and S. M. MILLARD, attorneys for appellants.

FREDERICK A. WILLOUGHBY, attorney for appellees.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

Upon the bill of complaint brought by the appellees against the appellants, an interlocutory injunction order of some kind, not mentioned in the abstract, appears to have been granted on July 13, 1895. Subsequently thereto, and on September 24, 1895, a motion by the appellants to dissolve the injunction, and a motion by the appellees for the appointment of a receiver, came on to be heard, together, upon the amended bill, and answer thereto, and upon affidavits filed by the respective parties, both in support of and against said motions; and thereupon the court denied the motion to dissolve the injunction, and allowed the motion to appoint a receiver, and appointed William C. Niblack as receiver of the appellant, The Black Diamond Company. These orders were both interlocutory.

From " the decree sustaining the motion of complainants to appoint a receiver herein, and from the decree appointing such receiver," and " from the ruling of the court herein in overruling the motion of the defendants to dissolve the in-

junction heretofore granted herein, and from the decree overruling said motion," as is recited in the order, the appellants prayed, and were allowed this appeal.

It was held, as long ago as the case of Taylor v. Kirby, 31 Ill. App. 658, decided at the March term, 1889, that an appeal would not lie from an interlocutory order or decree overruling a motion to dissolve an injunction, and such has been the uniform and repeated holding to this time.

We have, therefore, nothing to consider except the correctness of the order in appointing a receiver.

We have attentively read the amended bill of appellees, to ascertain what is there alleged as ground or reason for the appointment of a receiver for the appellant corporation, but find nothing to warrant it being done. The material allegations of the bill are mainly confined to matters and doings by the appellants against which the restraining power of an order of injunction might be appropriate, but which are wholly inapplicable in support of a receivership. It would require too much space and time to repeat the allegations, and it may answer to merely state what the prayer of the bill is, to illustrate our meaning, for we may well understand that what is alleged is not broader than the relief that is asked. As stated in the abstract, the prayer is as follows:

"For process and answer, oath waived; for decree declaring said $4,300 debt, as evidenced by said judgment note, fraudulent and fictitious, and that said note be canceled and set aside; restraining corporation and its board of directors perpetually from paying or attempting to pay said note or said indebtedness; annulling and setting aside said call of $7.50 per share so far as relates to orators' shares and restraining said corporation and its board of directors from forfeiting orators' shares for non-payment of said call; declaring Harry F. and Alexander E. Bischoff to be owners of said thirty-two and one-third shares; setting aside the execution sale of said seventy-five shares, and decreeing said seventy-five shares to be the property of orator Waterloo; removing said Harriet A. Bischoff, Buchanan, Sanborn and Berry as officers and directors, and allowing said corporation

to choose others in their places; for a receiver and an accounting, and decree that defendants may pay orators any sum found to be due them, and offering to pay to defendants any sum found to be due defendants, and such other and further relief," etc.

Counsel for appellees expressly states, in his brief, that the bill is not brought to wind up the affairs of the corporation; that the appointment of a receiver in the case is not for the purpose of aiding in the removal of the said directors, "but (we) only ask that the property of this corporation may remain temporarily in the hands of the receiver until the question of gross fraud on the part of this corporation and certain of its officers may be thoroughly investigated."

The "gross fraud" that appellee speaks of, is, as we suppose, that which is alleged concerning the $4,300 note referred to in the prayer, as quoted, and the alleged assessment or call of $7.50 per share on the stock, referred to also in the prayer. As we have already said, the more appropriate remedy, and a complete one, concerning those matters, would be through an order of injunction.

Counsel has given us the aid of no authority that supports his contention that the appellees were entitled to have a receiver appointed under their bill, and our limited knowledge does not supply what he lacks in that regard.

The case of Vienna Bakery Co. v. Heissler, 50 Ill. App. 406, cited by appellees, is opposed, instead of being favorable, to appellees' contention, inasmuch as the doctrine was there stated that extreme caution should be observed in the appointment of receivers to take the property of a solvent and going corporation out of the hands of its officers. It would, we think, be clearly beyond the limits of judicial caution to sustain the receivership created by the order in question.

In the cases of Baker v. Backus, 32 Ill. 79, and Wheeler v. Pullman Iron Co., 143 Ill. 197, as well as in Vienna Bakery Co. v. Heissler, *supra*, numerous principles are announced that are applicable to the case at bar.

From a careful consideration of the case as made by the

appellees on their own showing, we are satisfied that the order of appointment of the receiver herein was improvidently made, and should be reversed, and the cause remanded with directions to discharge the receiver, and for him to return the property to the officers of the corporation, and it is so ordered. Reversed and remanded, with directions.

Gary, P. J.

I concur, but add, that on the shorter ground that neither of the appellees has any interest in the corporation, I think the order appointing a receiver should be reversed.