## Honora K. Brennan and John S. Cook v. Jeremiah A. Kinsley.

1. Appellate Courts — *Have no Jurisdiction of Constitutional Questions.*—The constitutionality of the act of June 17, 1887, entitled " An act to provide for appeals from interlocutory orders, granting injunctions or appointing receivers," in so far as it purports to allow an appeal from an order overruling a motion to dissolve an injunction is fairly subject to question; and an appeal from such an order should go to the Supreme Court, as this court has no power to pass on the validity of a statute.

**Injunction.**—Motion to dissolve. Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the December term, 1896. Appeal dismissed. Opinion filed July 1, 1897.

H. T. & L. HELM, attorneys for appellants.

BENJ. OLIN and MERRILL SPRAGUE, attorneys for appellee.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

The appellants appeal to this court from an order of the Circuit Court refusing their motion to dissolve the injunction issued in the case. Appellee has moved this court to dismiss the appeal, and for cause urges that the statute of June 14, 1887, in force July 1, 1887 (3 Starr & Curtiss, 3171), entitled, " An act to provide for appeals from interlocutory orders granting injunctions or appointing receivers," in so far as it purports to allow an appeal from an order overruling a motion to dissolve an injunction, violates Sec, 13, Art. 4 of the Constitution, because the subject of overruling motions to dissolve injunctions is not expressed in the title of the act. We think the question of the validity of the statute in the respect specified fairly arises, and if that is true as we think it clearly follows, the appeal should have been taken directly to the Supreme Court, we being prohibited by the statute from passing upon a question of that nature. The Appellate Court of the First District have decided this question in the same way. Taylor v. Kirby, 31 App. 658; Henkleman v. Peterson, 40 App. 540; Chicago v. Beck, 44 App. 47; Black Diamond Co. v. Waterloo, 62 App. 206.

The appeal will therefore be dismissed.