## Dyers & Cleaners' Union No. 10,168 v. Oswald Schuettauff.

### Gen. No. 11,277.

1. MOTION TO DISSOLVE—*when order upon, cannot be appealed from.* An appeal cannot be maintained from an interlocutory order overruling a motion to dissolve an injunction.

Appeal from order overruling motion to dissolve injunction. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1903. Appeal dismissed. Opinion filed March 31, 1904.

DANIEL W. SCANLAN, for appellant; WILLIAM E. CLOYES, of counsel.

OSSIAN CAMERON and PHILIP KOEHLER, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

This is an appeal from an order overruling a motion to dissolve an injunction granted on an interlocutory motion.

The right of appeal is purely statutory. The act under which this appeal is taken is that of June 14, 1887, entitled, " An act to provide for appeals from interlocutory orders granting injunctions or appointing receivers." The language of the act provides for an appeal in such a case as is here presented; but its title does not include " an order overruling a motion to dissolve an injunction." Section 13, article 4 of the Constitution of 1870 declares that " No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title. But if any subject shall be embraced in an act which shall not be embraced in the title, such act shall be void only as to so much thereof as shall not be so expressed." It has been held this provision so limits the wording of the act that an appeal such as is here attempted to be taken is void and of no effect. Taylor v. Kirby, 31 Ill. App. 658; City of Chicago v. Beck, 44 Ill. App. 47; Black Diamond Co. v. Waterloo, 62 Ill. App. 206. The case of Hately v. Myers, 96 Ill. App. 218, holds to the contrary; but under the authorities cited we cannot follow it.

The appeal is dismissed.

*Appeal dismissed.*