## National Hollow Brake Beam Company v. Edward B. Leigh.

### Gen. No. 11,842.

1. INJUNCTIONAL ORDER—*when not appealable.* An order enlarging the scope of an injunction is not appealable.

2. STATUS QUO—*propriety of court in maintaining.* Where an injunction has been granted in a case and the defendant has interposed a cross-bill therein, it is proper for the court, at the instance of such cross-complainant, to undertake to preserve the rights of all parties and restrain useless and vexatious litigation pending the determination of the controlling questions involved.

Appeal from interlocutory order. Appeal from the Circuit Court of Cook County; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Affirmed. Opinion filed March 21, 1905.

**Statement by the Court.** This is an appeal from what is said to be an interlocutory order of the Circuit Court.

It appears that appellant filed its bill of complaint in the Superior Court of Cook county for an accounting in reference to a fund alleged to be held by appellee in trust. At a later period appellant filed another bill in the Circuit Court against appellee and others, alleging a controversy between parties claiming to be directors of appellant, praying that certain parties so claiming be enjoined from acting in such capacity, that appellee Leigh be enjoined from acting as secretary and treasurer of appellant, for the appointment of a receiver, for an order on appellee to deliver to such receiver

all the property and assets of the complainant, and for other relief. A receiver was appointed and upon appeal this court affirmed that order. Leigh v. National Hollow Brake Beam Co., 104 Ill. App. 438. Later, appellee filed a cross-bill in the Circuit Court case seeking thereby, it is said, to bring about an accounting and adjust all matters of difference between appellee, appellant and other parties interested in the litigation. The cross-bill was demurred to and the demurrer is said to be still pending. Meanwhile appellee moved in the Circuit Court for an order enjoining and restraining appellant, its agents and attorneys, from further proceeding with or prosecuting the bill which it had brought in the Superior Court until further order of the Circuit Court. An order was accordingly entered as follows:

"It is ordered that all the parties to this case, their agents and attorneys, be and are ordered to refrain and desist from further proceeding with, or prosecuting, the case of the National Hollow Brake Beam Company v. Edward B. Leigh, Gen. No. 220,643, in the Superior Court of Cook county, in chancery, until a further order of this court."

DEFREES, BRACE & RITTER, for appellant.

JOHN P. AHRENS and DAVID S. GEER, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is urged that this order cannot be sustained because the purposes of the two bills, that in the Circuit and that in the Superior Court, are dissimilar. Appellee was defendant in both bills, and was enjoined at appellant's instance by the Circuit Court from acting as secretary and treasurer of appellant. A receiver was appointed. In the Circuit Court bill it was charged that appellee was "indebted to complainant in large sums of money, the actual amount whereof it is unable to ascertain" and that he had "converted to his own use large sums of money, bonds, evidences of debt and effects of complainant for which he refuses to account." In the Superior Court bill it was charged that appellee "in order to wrongfully and illegally retain" certain money in his'

hands "has refused and still refuses to render such account and has refused and still refuses to restore any part of said sum to complainant and claims that he is entitled to the same;" and appellant prays for an accounting. While the Circuit Court bill seeks other relief also, no reason appears why the matters involved in both bills could not properly have been determined in a single suit.

What is said in the case before referred to (Laughlin v. Leigh et al., 107 Ill. App. 478-479) is equally applicable here, and the order now complained of may properly be considered "a condition imposed by the court to the further continuance of the injunction and receivership obtained by appellant." It is, moreover, in general accordance with a stipulation of the parties by which it was agreed that "all matters connected with" said cause should "be heard and determined by" the judge who entered the order now appealed from. But whatever may be deemed the effect of that stipulation, the restraining order complained of is clearly within the power of the Circuit Court, which had jurisdiction of the general subject-matter and the parties. The purport of the order seems rather to be to enlarge the scope of the former injunctional order, the more effectually to hold matters in statu quo pending the determination of questions the disposal of which might determine generally certain matters of controlling importance in controversy between the principal litigants. In that sense, regarding it as an order enlarging the scope of an injunction, the order complained of would not be appealable. City v. Beck, 44 Ill. App. 47; Taylor v. Kirby, 31 Ill. App. 658. If, however, it be regarded as an interlocutory injunctional order appealable under the statute, it was clearly within the power of the court in equity, and it is certainly a proper exercise of the court's discretion to undertake in that way to preserve all rights of all parties and restrain useless and vexatious litigation pending the determination of controlling questions involved. The order will be affirmed.

*Affirmed.*

MR. JUSTICE SMITH took no part in the decision of this case.