## Pekin Telephone Company v. Farmers Telephone Company.

1. MOTION TO DISSOLVE—*appeal lies from interlocutory order denying.* An appeal lies from an interlocutory order denying a motion to dissolve an injunction.

2. INJUNCTION—*upon what relief by, must be predicated.* Relief by injunction can only be predicated upon the allegations of the bill; matters which might have been relied upon cannot be considered unless alleged.

3. INJUNCTION—*when properly sustained.* Where, upon a motion to dissolve, a *prima facie* right to the injunction is shown, it is properly continued in force where hardship would result from a dissolution, and this notwithstanding such *prima facie* showing is contradicted by the affidavits of the defendant.

Bill for injunction. Appeal from the Circuit Court of Tazewell County; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the November term, 1904. Affirmed. Opinion filed April 20, 1905.

STEVENS & HORTON and GEORGE C. RIDER, for appellant.

JESSE BLACK, Jr., for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

Appellee, the Farmers Telephone Company, filed the bill of complaint herein. Both parties are telephone corporations. The substance of the bill so far as material to this consideration is, that the Pekin Company was organized in June, 1900, has a central office and switch-board in Delavan, Tazewell county, through which connections are made with other lines of other companies and with toll lines of its own. The Farmers Company has an exchange in Hopedale and has 230 subscribers; that prior to the construction of the plant of the Farmers Company it "agreed and arranged with and obtained permission from the said Pekin Telephone Company for connection with said company at its exchange in the city of Delavan without any restriction other than that your orator and subscribers would pay to the said Pekin Telephone Company the usual, customary and reasonable exchange and toll charges and

make the usual and customary division of tolls for the services rendered to the subscribers of your orator by the said Pekin Telephone Company;" that pursuant to said agreement the Farmers Company constructed and equipped its plant at a cost of $5,000; that it procured the subscribers to its capital stock and telephone system upon assurances of connection with the telephone system of the Pekin Company and its connecting lines; that pursuant to its agreement with the Pekin Company, the Farmers Company constructed a line from its central office to Delavan and there connected its lines with the Pekin Company lines and proceeded to transact business through the Pekin Company exchange with subscribers on the lines and connecting lines of the Pekin Company and that toll charges were settled between the two companies agreeable to both; that the Minier Telephone Company has constructed a telephone system in the counties of Tazewell and McLean with exchanges at Minier, Hopedale and other places and lines connecting its exchanges with the exchange of the Pekin Company at Delavan and for a year past has been doing business through the Pekin Company exchange; that " under and by the agreement and understanding between your orator and the said Pekin Telephone Company, your orator and its subscribers were entitled to have and were to be provided by the said Pekin Telephone Company with the same connections and privileges of communication as is and has been accorded by said Pekin Telephone Company to the said Minier Telephone Company;" that said Pekin Company and Minier Company have combined and agreed with each other to disconnect the lines of the Farmers Company from the exchange of the Pekin Company at Delavan, and that said Pekin Company in pursuance of said combination threatens to make such disconnection; that the Farmers Company and its subscribers have paid all tolls exacted by the Pekin Company and are ready to comply with all reasonable rules of the Pekin Company and to pay all reasonable tolls in the same manner and to the same extent as are enforced against other

connecting lines of the Pekin Company; that if the Pekin Company carries out its said threat to disconnect the Farmers Company's lines, the Farmers Company and its subscribers "will suffer irreparable damages, loss and injury and will thereby be rendered unable to keep its said agreement with the subscribers of stock and subscribers of service and will be unable to give and provide to the subscribers of your orator the telephone service that it was contemplated and understood they should have when your orator was organized and when its telephone service was installed and equipped and connections made with the said Pekin Telephone Company; that the injury and damage that your orator and its subscribers will sustain will not be susceptible of computation and cannot be definitely ascertained and cannot be compensated or based upon a money consideration, and your orator will be liable to be thrown into expensive and extended litigation and subjected to numerous and annoying suits and litigation."

Appellant made answer to the bill and entered its motion to dissolve the injunction, which was heard by the court on bill, answer and affidavits presented by the respective parties, and the motion was denied. This appeal is taken from the order of the court refusing to dissolve the injunction.

It is first suggested that the order is not one from which appeal may be taken; that so much of the act of 1887 as provides for appeals from orders overruling motions to dissolve injunctions, is void by reason of not being within the scope of the title of the act. This general question has been considered by the Supreme Court in numerous cases. The People v. Wright, 70 Ill. 388; Johnson v. The People, 83 Ill. 431; Hudnall v. Ham, 172 Ill. 76; Bobel v. The People, 173 Ill. 19, and others. We deem it unnecessary in this case to enter into discussion of the question. It appears clear to us that the subject of the act is the matter of appeal from interlocutory orders in chancery; that the subject is expressed in the title and that consequently the provision in question is not obnoxious to the objection made.

It is claimed by appellee in its argument that there are two grounds upon which the relief sought may be maintained: first, a threatened breach of contract whereby irreparable injury would arise to appellee and its subscribers, and, second, an obligation resting upon defendant independent of contract and arising out of the nature, character and purposes of creation of such corporations to furnish to complainant the connections and facilities now existing. Complainant either formed its connection by agreement as alleged, or in pursuance of some authority given by some process or proceeding at law, else it has no claim or right whatever in the premises. The bill is framed wholly upon the theory of contract relation. It alleges the existing relations of connection to have arisen in pursuance of an agreement made between the parties. Complainant having placed its claim to relief upon the basis of an agreement, it must abide by it so far as this hearing is concerned. The *allegata* and *probata* must agree. The averments of the bill as to the contract are very general. It is argued by appellant, and with much force, that the averments do not show any contract relation, that the elements of a contract are not set forth, that no period of the existence of the alleged contract is set up nor any consideration therefor, and that at the most the averments show a mere license revocable at the will of appellant. The bill does aver that the Minier Company had been permitted by defendant to form connection with it and then was and for one year had been in such connection and that by the agreement between complainant and defendant, complainant was to be provided by the Pekin Company with the same connections and privileges as had been given to the Minier Company. The bill does not set up matters constituting a consideration adequate in a court of equity. Although the bill manifestly is very general and vague in its statement of the terms of the contract, we are inclined to think that it is not subject to the objection, that it shows no equity upon its face.

It is also urged by appellant that no such showing was

made on the hearing of the motion to dissolve as warrants the continuance of the injunction, and that this court therefore should order its dissolution.

The bill is sworn to and is supported by affidavits; the answer also is sworn to and supported by affidavits. The bill and affidavits on one side are flatly contradictory of the answer and affidavits on the other side. In such case we are inclined to give due consideration to the action of the Circuit Court. Considering appellee's proof alone it does appear that the alleged contract was made and that the connection was made in pursuance of and relying upon it, that money was spent by appellee upon the faith of it, and that appellee had kept its part of the contract, and when all the proof is considered it appears that to allow appellant forthwith to disconnect would work hardship to appellee, and it is not apparent that any harm can come to appellant by the maintenance of the injunction until the final hearing.

Entertaining these views the order of the Circuit Court will be affirmed.

*Affirmed.*