## George Zahnle v. Peter S. Grosscup.

### Gen. No. 4,789.

1. INJUNCTIONS—*appeals do not lie from denial of motion to dissolve interlocutory*. The title of the act which grants appeals from interlocutory orders granting injunctions, is not broad enough to include the right to appeal from an order denying a motion to dissolve, and such right to appeal does not exist.

2. CONSTITUTIONAL QUESTIONS—*when Appellate Court may pass upon*. The Appellate Court has power to determine the constitutionality of an act, in so far as it is necessary to determine that question in order to ascertain whether the Appellate Court has jurisdiction to hear the appeal.

Bill in equity. Appeal from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1906. Dismissed. Opinion filed April 10, 1907.

ERNEST S. GAIL, for appellant.

THORNTON M. PRATT and MORTON S. CRESSY, for appellee; R. W. COON, of counsel.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This is a motion by appellee to dismiss an appeal taken by appellant from an order denying a motion to dissolve an injunction issued in the court below upon a bill in equity filed by appellee against the city of Highland Park and its mayor and others. Assuming that George Zanley, named and served as defendant to that bill, is the same person as George Zahnle and George Zahnlee, each of whom filed a separate motion to dissolve the injunction, there are other defects in this appeal. The record shows that appellant and three other defendants entered a joint motion to dissolve the injunction, and that said motion was denied. It also shows that appellant entered a separate motion to dissolve the injunction, but does not show any action upon

that motion. The appeal was not prayed to or granted by the court, but an appeal bond was filed by appellant and approved by the clerk. That bond appears by its recitals to be an appeal from a supposed order denying the separate motion to dissolve made by appellant, and the record does not show that that motion was denied or acted upon. Appellant did not in this appeal join the names of the other defendants, nor even of those defendants who joined with him in the only motion which the court denied. It may well be doubted whether these and other like defects are not fatal to this appeal; but we pass those matters by.

This appeal is sought under the act in force July 1, 1887, entitled: "An act to provide for appeals from interlocutory orders granting injunctions and appointing receivers." The body of that act attempts to authorize an appeal not only from orders granting injunctions but also from orders overruling motions to dissolve injunctions. Appellant was served with the injunction on March 3, 1906, under an order made February 27, 1906. He could have appealed from that order within thirty days thereafter. He did not do so. His bond on this appeal was filed October 26, 1906. He had lost his right to appeal from the order granting the injunction. So much of said act as permits an appeal from an order refusing to dissolve an injunction violates that part of section 13 of article 4 of the Constitution which requires that the subject of an act shall be expressed in the title. This title is so explicitly confined to orders granting injunctions and orders appointing receivers that we cannot make it cover the entirely different subject of an order denying a subsequent motion to dissolve an injunction granted months before. That part of the act which purports to authorize this appeal is therefore void, and confers upon us no jurisdiction of this interlocutory order. We dismissed such an appeal in Brennan v. Kinsley, 70 Ill. App. 645. The same ruling was made in the

Appellate Court for the First District in Taylor v. Kirby, 31 Ill. App. 658; Henkelman v. Peterson, 40 Ill. App. 540; City of Chicago v. Beck, 44 Ill. App. 47; Black Diamond Co. v. Waterloo, 62 Ill. App. 206, and Hovnanian v. Bedessern, 63 Ill. App. 353. In Hately v. Myers, 96 Ill. App. 217, that court held such an appeal would lie, but in Dyers & Cleaners Union v. Schuettauff, 113 Ill. App. 422, it refused to follow that decision, and returned to its original position that such an attempted appeal is void; and adhered thereto in Lasher v. Annunziata, 119 Ill. App. 653, as did also the Branch Appellate Court, First District, in National Hollow Brake Beam Co. v. Leigh, 119 Ill. App. 344. It was held by the Appellate Court for the Third District that such an appeal will lie, in Pekin Telephone Co. v. Farmers' Telephone Co., 120 Ill. App. 292, but without reference to any of the former cases.

We adhere to our conclusion in Brennan v. Kinsley, *supra,* though not to all the reasoning there used. We do not have jurisdiction of an appeal which involves the validity or constitutionality of a statute, but the order here appealed from, so far as we are advised, does not raise any such question. When, however, the question is raised whether we have jurisdiction of a cause brought before us, we have authority to determine that qestion, even if it involves a decision that the act under which our jurisdiction is invoked by the appellant is unconstitutional and invalid. To hold otherwise would be to say that we are compelled to take jurisdiction of every case brought to us, even though the party has no right to bring it before us. This is not at all the same thing as deciding upon the constitutionality or validity of the statute under which the court below acted in entering the order complained of. The appeal is, therefore, dismissed.

*Appeal dismissed.*